IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BIBLE BAPTIST CHURCH, et al.,

                Plaintiffs,

v.

BROTHERHOOD MUTUAL
INSURANCE COMPANY, et al.,

                Defendants.

Civil Action No. 2:17-cv-04613
(formerly Case No. 17-C-1348 in the
Circuit Court of Kanawha County)

## NOTICE OF REMOVAL

Defendant Brotherhood Mutual (hereinafter "Brotherhood") hereby respectfully gives notice, pursuant to 28 U.S.C. § 1446, of the removal to this Court of the action commenced against it in the Circuit Court of Kanawha County, West Virginia and identified below. Defendant denies the allegations contained in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court. In support of this Notice of Removal, Brotherhood states the following:

### STATEMENT OF COMMENCEMENT OF THE ACTION

Plaintiffs Bible Baptist Church, Darrell Baker, Howard Preast, Michael Minnick, and James Waldeck (hereinafter "Plaintiffs") commenced this lawsuit in the Circuit Court of Kanawha County, West Virginia, Civil Action No.17-C-1348 (hereinafter the "State Court Action") against Brotherhood, Church Insurance Consultants, Inc., and Stephen Peters (hereinafter "Defendants") on or about September 28, 2017.

In this matter, Plaintiffs assert eight causes of action: Count I for negligence against Church Insurance Consultants, Inc. (hereinafter "CIC") and Stephen Peters (hereinafter "Peters"); Count

II for breach of contract against CIC; Count III for breach of fiduciary duty against CIC and Peters; Count IV for breach of contract against Brotherhood; Count V for common law bad faith against Brotherhood; Count VI for unfair trade practices against Brotherhood; Count VII for malicious prosecution against Brotherhood; and Count VIII for fraud against all Defendants. (Compl. ¶¶ 28–87). Plaintiffs' claims herein revolve around Brotherhood's initial denial of insurance coverage in two state court actions that were filed against Plaintiffs. (Id. ¶¶ 12–28). The instant matter stems from Defendants' allegedly wrongful acts in procuring appropriate and necessary insurance coverage for Plaintiffs, handling the application for coverage, and refusing to provide coverage on claims. (Id. ¶¶ 28–87).

## TIMELINESS OF REMOVAL

The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 348 (1999). The time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint via formal service of process. Lilly v. CSX Transp., Inc., 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002). Brotherhood received the Complaint on December 4, 2017 at its principal place of business in Fort Wayne, Indiana. See Return of Service of Process, attached hereto as Exhibit 1. Thus, this Notice of Removal is filed within thirty (30) days of service and is timely.

## PLEADINGS AND NOTICE TO STATE COURT

Pursuant to 28 U.S.C. § 1446(a), copies of pleadings and other relevant documents on file with the Circuit Court of Kanawha County, West Virginia, are attached hereto as Exhibit 2. Additionally, the Docket Sheet from the State Court Action is attached hereto as Exhibit 3. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, Defendant

has given written notice to the Plaintiffs and the Circuit Court of Kanawha County, West Virginia of the removal.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION - DIVERSITY

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

### Citizenship of the Parties

This action involves citizens of different states. As stated in the Complaint, Plaintiffs Baker, Preast, Minnick, and Waldeck are trustees of Plaintiff Bible Baptist Church, which is located in Belva, West Virginia. (Compl. ¶ 1). Plaintiff James Waldeck is, and was at all times relevant, the pastor of Bible Baptist Church. (Id. ¶ 2). Plaintiffs are all presumably West Virginia residents. Plaintiffs admit that Brotherhood is a foreign corporation doing business within Kanawha County. (Id. at ¶ 4). However, Plaintiffs allege that CIC is a West Virginia Corporation, with its principal place of business in Huntington, West Virginia, and Stephen Peters is a West Virginia resident. (Id. ¶¶ 6–7). Thus, complete diversity between the parties does not exist as Plaintiffs have pled.

Nevertheless, diversity jurisdiction is available to Brotherhood here because Plaintiffs have fraudulently joined Defendants CIC and Peters. Because these Defendants were fraudulently joined, once dismissed, complete diversity will exist between Plaintiffs and Brotherhood.

### A. The *Properly Joined* Defendants Are All Diverse.

Plaintiffs have alleged that Brotherhood is a "foreign corporation doing business in Kanawha County, West Virginia engaged in the sale of property and liability insurance coverage to churches and religious organizations." (Id. ¶ 4.) Indeed, Brotherhood is an Indiana corporation with its principal place of business in Fort Wayne, Indiana. See Indiana Business Details for Brotherhood Mutual Insurance Company, attached hereto as Exhibit 4; West Virginia Secretary of State Service of Process Details, attached hereto as Exhibit 5; see also Ashworth v. Albers Med., Inc., 395 F. Supp. 2d 395, 403 (S.D. W. Va. 2005) ("[T]he court, in ascertaining whether a defendant was fraudulently joined, is not confined solely to the pleadings but may consider evidence outside the pleadings."). Therefore, Plaintiffs, all residents of or located in West Virginia, are completely diverse from Defendant Brotherhood, an Indiana Corporation with its principal place of business in Indiana. Under 28 U.S.C. § 1332(a)(1), complete diversity is satisfied.

### B. Plaintiffs Fraudulently Joined Defendants CIC and Peters to Prevent Removal.

Defendants CIC and Peters were fraudulently joined in this action solely to prevent removal, as they both destroy diversity with Plaintiffs and Plaintiffs can assert no cognizable theories of relief against them. "The doctrine of fraudulent joinder has developed as an exception to the well-pled complaint rule and allows the court to disregard the citizenship of a fraudulently joined party." Ashworth, 395 F. Supp. 2d at 402–03. It "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants and thereby retain jurisdiction." Cty. Comm'n of McDowell Cty. v. McKesson Corp., --- F. Supp. 3d ---, 2017 WL 2843614, at *2 (S.D. W. Va. 2017) (quoting Johnson v. Am. Towers, LLC, 781 F.3d 693, 704 (4th Cir. 2015)).

"In order to establish fraudulent joinder in a particular case, a removing defendant must show either (1) there is no possibility that the plaintiff can establish a cause of action against the removing defendant, or (2) that there has been outright fraud in plaintiff's pleading of jurisdictional facts." Id. (citing Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); Ashworth, 395 F. Supp. 2d at 402–03)). In determining whether Plaintiffs have sufficiently pled a cause of action against the fraudulently joined defendants, because this action sounds in diversity, this Court must look to West Virginia law. Fleming v. United Teachers Assocs. Ins. Co., 250 F. Supp. 2d 658, 662 (S.D.W. Va. 2003).

Because there does not appear to be any outright fraud in the pleadings, Brotherhood does not argue that CIC and Peters were fraudulently joined under the second theory above. However, under the first theory, fraudulent joinder is available, as Plaintiffs have joined Defendants CIC and Peters despite the fact that they cannot establish a cause of action against either Defendant. Plaintiffs have alleged that CIC is liable for breach of contract and that both CIC and Peters are both liable in tort for breach of fiduciary duty, negligence, and fraud.

For all times relevant to the instant matter, CIC and Peters insurance agents of Brotherhood. The fraudulent joinder standard is "regularly met" in actions involving direct claims against insurance agents, like the matter at hand. Fleming, 250 F. Supp. 2d at 662. "In West Virginia, duly licensed insurance agents acting within the scope of their employment may not be sued in their individual capacity in tort or in contract." Id. In fact, "an agent or broker has personal liability exposure on an insurance contract *only where the insurer is not licensed to transact insurance in this state*." Id. (quoting Benson v. Cont'l Ins. Co., 120 F. Supp. 2d 593, 595 (S.D. W. Va. 2000)) (emphasis added). Pursuant to these principles, there can be no cognizable claim in tort or contract against CIC or Peters, as no allegations have been made that either CIC or Peters was unlicensed.

This means that Plaintiff's claims of negligence, breach of contract, breach of fiduciary duty, and fraud claims necessarily fail.

Accordingly, Plaintiffs cannot possibly recover against CIC or Peters under any theory of liability. Plaintiffs have asserted no viable claim upon which relief can be granted. Thus, Plaintiffs' claims for breach of fiduciary duty, breach of contract, negligence, and fraud (as to CIC and Peters), along with CIC and Peters as fraudulently joined parties, should be dismissed from this action altogether. Upon their dismissal, all remaining parties—Plaintiffs and Brotherhood—will be completely diverse for the purposes of diversity jurisdiction. Removal to this Court is therefore properly merited.

## The Amount in Controversy Exceeds $75,000.00

Moreover, Defendants can easily show that the amount in controversy exceeds $75,000 on the record thus far. "The amount in controversy is determined from the allegations or prayer of the complaint." Polo Greene, Ltd. P'ship v. Wentwood Capital Advisors, L.P., No. CIV.A. 3:04CV118, 2005 WL 2205344, at *3 (N.D. W. Va. Sept. 9, 2005) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). Therefore, "[t]he jurisdictional inquiry takes place as of the time of the commencement of the action." Id. (citing Athena Auto., Inc. v. DiGregorio, 166 F.3d 288, 290 (4th Cir.1999)).

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" Dixon v. Edwards, 290 F.3d 699, 710-11 (4th Cir. 2002) (quoting Gov't Emps. Ins. Co. v. Lally, 327 F.2d 568, 569 (4th Cir. 1964)). Importantly, "the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the *alleged* amount in controversy." Hardig v. Certainteed Corp., No. 3:11CV535, 2012 WL 423512, at *1 (W.D. N.C. Feb. 9, 2012) (citing

Lanier v. Norfolk Southern Corp., 256 Fed. Appx. 629, 631–32 (4th Cir. 2007)) (emphasis added). If the removing party establishes by a preponderance of the evidence that an excess of $75,000 is in controversy, the District Court must exercise its jurisdiction. Perilli v. Nationwide Mut. Ins. Co., No. 5:10CV56, 2011 WL 2462247, at *3 (N.D. W. Va. June 17, 2011); see Gum v. Gen. Elec. Co., 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'")); see also Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 (S.D. W. Va. 1996).

When determining the amount in controversy, the Court can consider the entire record. Perilli, 2011 WL 2462247, at *3. Specifically, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." Miller v. Bank of Am., No. 1:10CV213, 2011 WL 2429350, at *1 (N.D. W. Va. June 13, 2011). In cases involving unspecified damages, such as the case at bar, the Court should consider the Complaint and the "[t]ype and extent of the plaintiff's injuries and the possible damages recoverable therefore [sic], including punitive damages if appropriate." Weddington v. Ford Motor Credit, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (citing Watterson v. GMRI, Inc., 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997)).

Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement even if no individual claim exceeds the jurisdictional amount. Stone v. Stone, 405 F.2d 94, 96 (4th Cir. 1968); Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc., 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); see Massey v. Green Tree Servicing, LLC, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010). Additionally, a plaintiff's demand for actual damages, punitive damages, statutory damages, equitable relief, and attorneys' fees should be considered by the Court in determining

the amount in controversy. See, e.g., Weddington, 59 F. Supp. 2d at 584–85 (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy). Furthermore, under Count V for bad faith, the Court should take into account that Hayseeds damages are potentially available, as the Court may determine that Plaintiffs succeeded in the underlying claims because Brotherhood has admitted to coverage. See Philips v. Union Labor Life Ins. Co., No. 5:09CV115, 2010 WL 2472496, at *2 (N.D. W. Va. June 16, 2010) (including specifically the attorneys' fees spent in defending the underlying action as a part of the bad faith claim in the amount in controversy because recovery of fees was potentially available under Hayseeds, along with Unfair Trade Practices claims, and damages for annoyance, aggravation, and inconvenience).

As they relate to many of Plaintiffs' claims, Plaintiffs are seeking unspecified economic and non-economic damages and have pled actual damages relating to the humiliation, annoyance, and inconvenience associated with being falsely accused of lying to Brotherhood and being subjected to such litigation. (Compl. ¶¶ 34, 38, 43, 48, 74, 87, p. 19). These emotional damages "may be recovered as parasitic elements of damage accompanying a cognizable physical injury, personal injury, or damage to property." Henley v. FMC Corp., 20 F. Supp. 2d 974, 977 (S.D. W. Va. 1998); see Persinger v. Peabody Coal Co., 196 W. Va. 707, 474 S.E.2d 887 (1996) (finding damages for annoyance and inconvenience properly included in compensatory damages awarded to plaintiff). Accordingly, the Court must consider these requested damages in determining the amount in controversy. See Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience).

Claims like Plaintiffs' for emotional damages, standing alone, would be sufficient to satisfy the $75,000 amount in controversy requirement. Weddington, 59 F. Supp. 2d at 584 (finding the $75,000 amount in controversy requirement was satisfied when plaintiffs, who did not specify total amount of damages sought, asked to be compensated for mental anxiety, suffering, annoyance, aggravation, inconvenience, and humiliation damages). Thus, Plaintiffs' unspecified alleged actual damages could easily exceed the $75,000 amount in controversy requirement as well.

Additionally, Plaintiffs have alleged eight counts against the three Defendants—three against Peters, four against CIC, and five against Brotherhood. In four of the counts, Count V (bad faith), Count VI (unfair trade practices), Count VII (malicious prosecution), and Count VIII (fraud), Plaintiffs request punitive damages. Though Brotherhood denies the appropriateness of punitive damages here, Plaintiff has made several claims nevertheless. It is well-established that punitive damages may be considered in determining the amount in controversy. See, e.g., Weddington, 59 F. Supp. 2d at 584; Mullins, 861 F. Supp. at 24 (jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience). If Plaintiffs are successful on their punitive damages claims, when added to Plaintiff's claim for compensatory damages including aggravation and annoyance, Plaintiff likely exceeds the $75,000 jurisdictional amount, as courts in West Virginia have let stand punitive damages awards substantially in excess of compensatory damages recovered in the same case. Mullins, 861 F. Supp. at 24 (citing TXO Production Corp. v. Alliance Resources Group, 187 W. Va. 457, 419 S.E.2d 870 (1992), aff'd, 509 U.S. 443, 113 S. Ct. 2711, 125 L.Ed.2d 366 (1993); Hinerman v. Daily Gazette Co., Inc., 188 W. Va. 157, 423 S.E.2d 560 (1992)). Therefore, these punitive damages alone could satisfy the amount in controversy requirement.

In the remaining other four counts, Count I (negligence), Count II (breach of contract as to CIC), Count III (breach of fiduciary duty), and Count IV (breach of contract as to Brotherhood), Plaintiffs assert attorneys' fees and other damages associated with the annoyance and inconvenience of being subjected to the declaratory judgment and with the instituting of the current action. The fees alone are likely well past the amount in controversy requirement. As such, the Court must consider these requested damages in determining the amount in controversy. See Mullins, 861 F. Supp. at 24 (considering attorneys' fees as a part of the amount in controversy analysis).

In conclusion, it is safe to say that the amount in controversy requirement is met here. To illustrate this point, the Complaint brings the following amounts into controversy:

- Count I for Negligence against CIC and Peters, Count II for Breach of Contract against CIC, and Count III for Breach of Fiduciary Duty against CIC and Peters allege: the loss of valuable insurance coverage, attorneys' fees and costs associated with the declaratory judgment action, as well as attorneys' fees and expenses associated with instituting the present action, and damages for the annoyance and inconvenience associated with being subjected to such litigation;

- Count IV for Breach of Contract against Brotherhood alleges: considerable attorneys' fees and expenses, including attorneys' fees and expenses associated with instituting the present action, and damages for embarrassment, humiliation, annoyance, and inconvenience associated with being falsely accused of lying to Brotherhood and being subjected to such litigation;

- Count V for Bad Faith against Brotherhood alleges: punitive damages under Hayseeds;

- Count VI for Unfair Trade Practices against Brotherhood alleges: legal fees and costs, net economic losses, and punitive damages;

- Count VII for Malicious Prosecution / Abuse of Process against Brotherhood alleges: considerable expenses Plaintiffs were forced to incur in defending the Federal Action, the attorneys' fees and costs associated with instituting the present action, damages for embarrassment, humiliation, annoyance, and inconvenience associated with being falsely accused of lying to Brotherhood and being subjected to such litigation, and punitive damages, in addition to continuing economic and non-economic damages and punitive damages;

- Count VIII for Fraud against all Defendants alleges: continuing economic and non-economic damages and punitive damages;

- Generally, Plaintiff additionally requests;

    o Compensatory damages: in connection with attorneys' fees and costs, embarrassment, humiliation, annoyance, and inconvenience, net economic losses and other damages;

    o Costs and attorneys' fees; and

    o Punitive Damages.

Considering the amount of claims and the variety of damages here, Plaintiffs sufficiently have alleged damages in excess of $75,000. As such, the jurisdictional amount is satisfied for purposes of diversity jurisdiction.

## VENUE

Under 28 U.S.C. § 1441(a), venue for Plaintiffs' State Court Civil Action is proper in this Court. The United States District Court for the Southern District of West Virginia, Charleston, is the "district and division" for actions removed from the Circuit Court of Kanawha County, West Virginia, pursuant to 28 U.S.C. § 129(a).

## PRAYER FOR RELIEF

WHEREFORE, Defendant Brotherhood Mutual Insurance Company respectfully requests that this Court assume jurisdiction over this matter and allow Brotherhood such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Robert L. Massie

Marc E. Williams (State Bar No. 4062)
Robert L. Massie (State Bar No. 5743)
**Nelson Mullins Riley & Scarborough, LLP**
949 Third Avenue, Suite 200

11

Huntington, WV 25701
Telephone: (304) 526-3500
Facsimile: (304) 526-3599
Email: marc.williams@nelsonmullins.com
Email: bob.massie@nelsonmullins.com

*Counsel for Defendant Brotherhood Mutual Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BIBLE BAPTIST CHURCH, et al.,

          Plaintiffs,

v.                                       Civil Action No. 2:17-cv-04613
                                     (formerly Case No. 17-C-1348 in the
BROTHERHOOD MUTUAL            Circuit Court of Kanawha County)
INSURANCE COMPANY, et al.,

          Defendants.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 22nd day of December, 2017, the foregoing *"Notice of Removal"* was served upon the following individuals via electronic filing with the Court's CM/ECF system:

                                  Brent K. Kesner
                                  Ernest G. Hentshel, II
                                  Kesner & Kesner, PLLC
                                  P.O. Box 2587
                                  Charleston, WV 25329
                                  bkesner@kesnerlaw.com
                                  Phone: (304) 345-5200
                                  Fax: (304) 345-5265
                                  *Counsel for Plaintiff*

                                  /s/  Robert L. Massie