## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

FILED
MD
2017 SEP 28 P 12: 44
CATHY S. G [illegible]
KANAWHA CO. [illegible]

I.    CASE STYLE:

Plaintiff(s)                                      Case# 17-C-1848

BIBLE BAPTIST CHURCH, BY DARRELL
BAKER, HOWARD PREAST AND
MICHAEL V. MINNICK, TRUSTEES AND
JAMES WALDECK

Judge: Kaufman

vs.

| Defendant(s) | Days to Answer | Type of Service |
|---|---|---|
| Brotherhood Mutual Insurance Company<br>Attn: Matthew G. Hirschy<br>P.O. Box 2777<br>Fort Wayne, IN 46801 | 30 | Secretary of State |
| Church Insurance Consultants, Inc.<br>Lynn Hamrick Johe<br>2537 Third Avenue<br>Huntington, WV 25703 | 30 | Secretary of State |
| Stephen Peters<br>113 Teel Road<br>Beckley, WV 25801 | 20 | Personal |

**ORIGINAL & 4 COPIES OF COMPLAINT ENCLOSED/ATTACHED**

RCPT# SSL1987 45.00

PYMT Type K
Rcpt # 554984          $200 X $135
Iss. Sum.+ C to ____ No Sum. Iss
X Ref. to Atty.        $20 om X
___ Mailed CM/RM       $5 olk X
___ Mailed to sos w/ck#
___ Sent to ____ w/ck#      X $15 mdf X 3

31048/316

EXHIBIT
2
tabbies

OCT. 4. 2017 8:52AM        CIRCUIT CLERK        NO. 586    P. 2

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)
### IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

| | |
|---|---|
| PLAINTIFF: Bible Baptist Church by Darrell Baker, Howard Preast and Michael V. Minnick, trustees and James Waldeck<br>DEFENDANT: Brotherhood Mutual Insurance Company, a foreign corporation, Church Insurance Consultants, Inc., a West Virginia corporation and Stephen Peters | CASE NUMBER: |

**II.   TYPE OF CASE:**

| | | | |
|---|---|---|---|
| ☒ | General Civil | ☐ | Adoption |
| ☐ | Mass Litigation | ☐ | Administrative Agency Appeal |
| | (As defined in T.C.R. Rule XIX (c)) | ☐ | Civil Appeal from Magistrate Court |
| | ☐ Asbestos | | |
| | ☐ Carpal Tunnel Syndrome | ☐ | Miscellaneous Civil Petition |
| | ☐ Diet Drugs | | |
| | ☐ Environmental | ☐ | Mental Hygiene |
| | ☐ Industrial Hearing Loss | ☐ | Guardianship |
| | ☐ Silicon Implants | | |
| | ☐ Other: _____ | ☐ | Medical Malpractice |
| ☐ | Habeas Corpus/Other Extraordinary Writ | | |
| ☐ | Other | | |

**III.   JURY DEMAND:**      ☒ YES   ☐ NO

CASE WILL BE READY FOR TRIAL BY **(month/year):**

**IV.**   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO

DISABILITY?   ☐ YES   ☒ No

IF YES, PLEASE SPECIFY:
☐   Wheelchair accessible hearing room and other facilities
☐   Interpreter or other auxiliary aid for the hearing impaired
☐   Reader or other auxiliary aid for the visually impaired
☐   Spokesperson or other auxiliary aid for the speech impaired
☐   Other: _____

| | | | |
|---|---|---|---|
| **Attorney Name:** | Brent K. Kesner (WVSB #2022) | *Representing:* | |
| **Firm:** | Kesner & Kesner, PLLC | ■ Plaintiffs | ☐ Defendant |
| **Address:** | P.O. Box 2587 | ☐ Cross-Complainant | ☐ Cross-Defendant |
| | Charleston, WV 25329 | | |
| **Telephone:** | (304) 345-5200 | | |
| **Dated:** | _____ | _____<br>Signature | |

31048/316

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

mo

2017 DEC 22  P 12: 45

............

BIBLE BAPTIST CHURCH, by
DARRELL BAKER, HOWARD PREAST and
MICHAEL V. MINNICK, trustees and
JAMES WALDECK,

          Plaintiffs,

v.

          Civil Action No. 17-C-1348
          Honorable Judge Kaufman

BROTHERHOOD MUTUAL INSURANCE
COMPANY, a foreign corporation, CHURCH
INSURANCE CONSULTANTS, INC., a West
Virginia corporation, and STEPHEN PETERS,

          Defendants.

## COMPLAINT

COME NOW the Plaintiffs Bible Baptist Church, by Darrell Baker, Howard Preast

and Michael Minnick, its trustees, and James Waldek, by counsel, and for their Complaint

against Defendants Brotherhood Mutual Insurance Company, Church Insurance

Consultants, Inc. and Stephen Peters, state as follows:

### COMMON ALLEGATIONS

#### *The Parties*

1.    Plaintiffs Darrell Baker, Howard Preast and Michael V. Minnick are the

trustees of Bible Baptist Church, which is located at Belva, Nicholas County, West Virginia.

2.    Plaintiff James Waldek is, and was at all relevant times, the pastor of Bible

Baptist Church.

31048/159

3.     At all relevant times, Bible Baptist Church operated a boarding school known as Blue Creek Academy in Clendenin, Kanawha County, West Virginia.

4.     Upon information and belief, Defendant Brotherhood Mutual Insurance Company ("Brotherhood") is a foreign corporation doing business in Kanawha County, West Virginia engaged in the sale of property and liability insurance coverage to churches and religious organizations.

5.     In conjunction with its insurance business, Brotherhood issued Policy No. 47MAA0401543 (Effective 06/13/2011 to 06/13/2012) to Bible Baptist Church.

6.     Upon information and belief, Defendant Church Insurance Consultants, Inc. ("Insurance Consultants") is a West Virginia corporation, with its principal place of business in Huntington, Cabell County, West Virginia, which acts as a licensed insurance agent of Brotherhood and specializes in meeting the insurance needs of churches and religious organizations such as Bible Baptist Church.

7.     Upon information and belief, Defendant Stephen Peters ("Peters") is a West Virginia resident, who is and was at all relevant times employed by the Insurance Consultants as a sales agent such that Insurance Consultants are liable for Peters' conduct under the theories of employee/employer, respondeat superior and master/servant.

8.     Along with Insurance Consultants, Peters holds himself out as an insurance agent specializing in meeting the special insurance needs of churches and religious organizations such as Bible Baptist Church, and solicits the sale of insurance policies on behalf of Insurance Consultants.

31048/159                                  2

9.    Upon information and belief, both Peters and Insurance Consultants solicited applications for coverage under Brotherhood's policies and otherwise acted as an agent or sub-agent for Brotherhood in connection with the insurance products it offers for sale.

10.    Based on Defendants Peters' and Insurance Consultants' relationship with Brotherhood, and their representations that they were specialists in providing insurance coverage for churches and religious organizations, Plaintiffs reasonably relied on Peters and Insurance Consultants to procure appropriate and necessary insurance coverage for Bible Baptist Church through Brotherhood, including appropriate liability coverage for its operation of Blue Creek Academy and for its officers, directors and employees.

11.    Plaintiffs relied on Peters and Insurance Consultants to communicate with Brotherhood regarding the coverages being sought, the nature of the risks to be insured, and the operations to be covered, such that Plaintiffs had a reasonable expectation that they had obtained the appropriate and necessary coverages for the risks associated with the operation of the Bible Baptist Church and Blue Creek Academy when they purchased Brotherhood Policy No. 47MAA0401543.

*The Underlying Claims*

12.    On or about May 22, 2015, William Jesse Forbes, in his capacity as Guardian Ad Litem of a minor identified as A.B., filed Civil Action No. 15-C-1016, in the Circuit Court of Kanawha County, West Virginia, alleging that A.B. was physically and sexually abused while attending Blue Creek Academy as a student, that the Bible Baptist Church and Plaintiff Waldek negligently and carelessly failed to protect A.B. from such abuse, and that the Bible Baptist Church negligently failed to supervise the staff at Blue Creek Academy.

13.     Following the filing of Civil Action No. 15-C-1016, Jocelyn Gail Arbeiter, as parent and next friend of a minor identified as K.R.L, filed Civil Action No. 16-C-950, in the Circuit Court of Kanawha County, alleging that K.R.L had also been physically and sexually abused while a student at Blue Creek Academy, that the Bible Baptist Church and Plaintiff Waldek had been negligent in failing to protect K.R.L., had negligently supervised the staff at Blue Creek Academy, and had negligently hired the employees and staff who had allowed K.R.L. to be abused.

14.     Following each claim, the Bible Baptist Church and Plaintiff Waldek timely submitted requests for insurance coverage under Policy No. 47MAA0401543 to Brotherhood, seeking defense and indemnification in connection with the claims being asserted against them by Forbes for A.B. and Arbeiter for K.R.L.

*The Insurance Coverage Litigation*

15.     Rather than defend and indemnify the Bible Baptist Church and Plaintiff Waldek as it was contractually required to do under the terms of Policy No. 47MAA0401543, Defendant Brotherhood filed Civil Action No. 2:16-cv-00341 in the United States District Court for the Southern District of West Virginia on January 14, 2016, which named the Bible Baptist Church and Plaintiff Waldek, *inter alia*, as Defendants.

16.     Through Civil Action No. 2:16-cv-00341, Brotherhood falsely represented that Policy No. 47MAA0401543 did not provide coverage for the claims being asserted against the Bible Baptist Church and Plaintiff Waldek by Forbes for A.B. in Civil Action No. 15-C-1016, and subsequently asserted that its Policy also did not provide coverage for the claims being asserted against the Bible Baptist Church and Plaintiff Waldek by Arbeiter for K.R.L. in Civil Action No. 16-C-950.

31040/159

4

17.   In its Complaint in Civil Action No. 2:16-cv-00341, Brotherhood falsely stated that Plaintiff Waldek had misrepresented that "the church had no other facility than the church and that only the church and the Parsonage constitute Liability Exposures" and that "[t]he church does not sponsor or operate any additional or related ministries such as a school, camp, latch key, youth center, senior care center, etc., other than a day care or mission church."

18.   Brotherhood further falsely alleged that Plaintiff Waldek:

> ...deliberately failed to reveal the existence of the Academy and/or its activities, which constitutes willful concealment or misrepresentation of a material fact that relates to this insurance. . .

even though Brotherhood knew that these allegations were completely untrue and also knew that its' employees had been aware of the existence of Blue Creek Academy even before they directed Peters to contact Plaintiff Waldek to solicit an application for coverage.

19.   In his deposition taken in Civil Action No. 2:16-cv-00341, Peters admitted that Plaintiff Waldek never tried to hide or conceal anything about the school from him and acknowledged that he had received an email from Brotherhood specifically directing him to meet with Plaintiff Waldek on March 10, 2011, at Blue Creek Academy, in Clendenin, West Virginia.

20.   Peters also testified that he visited both the Bible Baptist Church and the school and took photographs and measurements of the buildings at both facilities which he submitted to Brotherhood.

21.   Peters testified that he obtained the information from Plaintiff Waldek to complete an application for both the Bible Baptist Church and the school and submitted

that information to Brotherhood such that Brotherhood was clearly aware of the existence of Blue Creek Academy from the time of the Bible Baptist Church's initial application.

22.    In his deposition taken in Civil Action No. 2:16-cv-00341, Peters admitted that subsequent to the initial application which included a request for coverage for both the Bible Baptist Church and Blue Creek Academy, he submitted a second application seeking coverage for only the Church and acknowledged that when he prepared the second application, he falsely indicated that there was no school affiliated with Bible Baptist Church.

23.    Peters also admitted that Plaintiff Waldek did not request that he submit a second application, and that the Bible Baptist Church and Plaintiff Waldek never received any documentation indicating that insurance was being purchased only for the Church and not for the school.

24.    Prior to Peters' deposition, he was asked to sign an Affidavit by Brotherhood's counsel in connection with Civil Action No. 2:16-cv-00341, which falsely represented that Plaintiff Waldek had declined the quote for coverage for both the Bible Baptist Church and the school and instead requested that he submit a new application for coverage for Bible Baptist Church only, and that the request had been made because of the amount of premium to be charged if both were covered.

25.    Brotherhood, acting through its counsel, attached the false Affidavit of Peters as an exhibit to Brotherhood's Motion For Summary Judgment in Civil Action No. 2:16-cv-00341, in which Brotherhood asked the Court to find that there was no coverage under its policy with the Bible Baptist Church based, in part, on the false statements in his Affidavit.

26.    During his deposition, Peters acknowledged that his false Affidavit had been

31049/159

6

written entirely by Brotherhood's counsel in connection with Civil Action No. 2:16-cv-00341, and that he had not reviewed any of the documents it referenced.

27.    When asked in his deposition in Civil Action No. 2:16-cv-00341 whether he intended to stand by the false Affidavit, Peters testified under oath that "I no longer want to stand by my Affidavit any longer."

28.    Apparently recognizing that it could not prevail following the admissions made by its agent during the deposition of Peters, Brotherhood then withdrew its Motion For Summary Judgment in Civil Action No. 2:16-cv-00341, and has subsequently acknowledged that its policy provides liability coverage for the claims asserted against the Bible Baptist Church and Plaintiff Waldek by Forbes for A.B. and Arbeiter for K.R.L.

### Count I - Negligence (Defendants Peters and Insurance Consultants)

29.    Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 28 of this Complaint.

30.    In their capacity as insurance agents, Peters and Insurance Consultants had a duty to assist the Baptist Bible Church and Plaintiff Waldek in procuring appropriate and necessary insurance coverage and to properly handle the application for coverage submitted by Bible Baptist Church and to honestly report all facts in connection with that application for coverage.

31.    As the employer of Peters, Insurance Consultants had a duty to adequately supervise and control the actions of its employee, Peters, to ensure that he properly assisted the Bible Baptist Church and Plaintiff Waldek in procuring appropriate and necessary insurance coverage, to properly handle the application for coverage submitted

by Bible Baptist Church, and to honestly report all facts in connection with that application for coverage.

32.     Through their conduct as outlined above, Peters and Insurance Consultants were negligent and breached their duty of due care in procuring appropriate and necessary insurance coverage, to properly handle the application for coverage submitted by Bible Baptist Church and to honestly report all facts in connection with that application for coverage.

33.     Peters' and Insurance Consultants' failure to procure appropriate and necessary insurance coverage, to properly handle the application for coverage submitted by Bible Baptist Church, and to honestly report all facts in connection with Bible Baptist Church's application for coverage was negligent, unreasonable and in violation of the duty of care owed by said Defendants to the Plaintiffs.

34.     As a direct and proximate result of Peters' and Insurance Consultants' negligence, Plaintiffs have sustained damages including, but not limited to the loss of valuable insurance coverage, the attorneys fees and costs associated with the defense of Brotherhood's declaratory action, Civil Action No. 2:16-cv-00341, as well as the attorney fees and costs associated with instituting the present action, the annoyance and inconvenience associated with being subjected to such litigation, and such other damages as may be proven at trial.

**Count II - Breach of Contract (Defendant Insurance Consultants)**

35.     Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 34 of this Complaint.

36.    In its capacity as an insurance agent, Insurance Consultants was contractually obligated to provide insurance services including the procurement of appropriate and necessary insurance coverage and the proper submission of Bible Baptist Church's application for such coverage.

37.    Insurance Consultants' failure to procure appropriate insurance coverage, to properly handle the application for coverage submitted by Bible Baptist Church and to honestly report all facts in connection with Bible Baptist Church's application for coverage as outlined herein breached its contractual duties to the Plaintiffs.

38.    As a direct and proximate result of Insurance Consultants' breach of it duties as aforesaid, Plaintiffs have sustained damages including, but not limited to, the possible loss of valuable insurance coverage, the attorney fees and costs associated with the defense of Civil Action No. 2:16-cv-00341, as well as the attorney fees and costs associated with instituting the present action, the annoyance and inconvenience associated with being subjected to such litigation, and such other damages as may be proven at trial.

**Count III - Breach of Fiduciary Duty (Defendants Peters and Insurance Consultants)**

39.    Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 38 of this Complaint.

40.    In their capacity as insurance agents, Peters and Insurance Consultants occupied a fiduciary relation to the Plaintiffs and were bound to exercise the upmost good faith in their dealings with the Plaintiffs in connection with the insurance coverage they sold or procured.

41.    In their capacity as insurance agents, Peters and Insurance Consultants owed a fiduciary duty to the Plaintiffs to properly assist Bible Baptist Church and Plaintiff

31048/159

9

Waldek in procuring appropriate and necessary insurance coverage, to properly handle the application for coverage submitted by Bible Baptist Church, and to honestly report all facts in connection with Bible Baptist Church's application for coverage.

42.    Peters' and Insurance Consultants' failure to procure appropriate and necessary insurance coverage, to properly handle the application for coverage submitted by Bible Baptist Church and to honestly report all facts in connection with Bible Baptist Church's application for coverage breached their fiduciary duty to the Plaintiffs.

43.    As a direct and proximate result of Peters' and Insurance Consultants' breach of their fiduciary duty to Plaintiffs, Plaintiffs have sustained damages including, but not limited to the loss of valuable insurance coverage, the attorney fees and costs associated with the defense of Brotherhood's declaratory action, Civil Action No. 2:16-cv-00341, the attorney fees and costs associated with instituting the present action, the annoyance and inconvenience associated with being subjected to such litigation, and such other damages as may be proven at trial.

### Count IV - Breach of Contract (Brotherhood)

44.    Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 43 of this Complaint.

45.    After Kanawha County Civil Action No. 15-C-1016 was filed by Forges for A.B. against the Baptist Bible Church and Plaintiff Waldek, Brotherhood was promptly notified of the claims against the Plaintiffs and was given the opportunity to investigate the claims and any insurance coverage issues raised by said action.

46.    Pursuant to the terms of its policy, Brotherhood was obligated to defend and indemnify Bible Baptist Church and Plaintiff Waldek against the claims set forth in

31048/469

10

Kanawha County Civil Action No. 15-C-1016 by Forbes for A.B., and the claims set forth in Kanawha County Civil Action No. 16-C-950 filed by Arbeiter for K.R.L., and Plaintiffs had a reasonable expectation that such coverage would be provided.

47.    Despite having been placed on notice of the claims against the Plaintiffs, Defendant Brotherhood breached its duty to defend and indemnify Bible Baptist Church and Plaintiff Waldek by filing Civil Action No. 2:16-cv-00341 and falsely alleging that Bible Baptist Church and Plaintiff Waldek had misrepresented material facts in the Bible Baptist Church's application for coverage.

48.    As a direct and proximate result of Brotherhood's breach of its contractual duties under Policy No. 47MAA0401543, Plaintiffs were forced to incur considerable attorney fees and expenses, including the attorney fees and expenses associated with instituting the present action, and were caused to suffer the embarrassment, humiliation, annoyance and inconvenience associated with being falsely accused of lying to the Defendants and being subjected to such litigation, and such other damages as may be proven at trial.

### Count V - Common-law "Bad Faith" (Brotherhood)

49.    Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 48 of this Complaint.

50.    Through its actions described herein and its refusal to provide coverage for the claims asserted against the Baptist Bible Church and Plaintiff Waldek based on allegations which it knew to be false, Brotherhood breached its common-law duty of good faith and fair dealing to Bible Baptist Church and Plaintiff Waldek, such that its conduct amounts to "common-law bad faith" as recognized in the cases of *Hayseeds v. State Farm*

31048/159                                        11

*Fire and Cas. Co.,* 177 W.Va. 323, 352 S.E.2d 73 (1986), and *Shamblin v. Nationwide Mut. Ins. Co.,* 183 W.Va. 585, 396 S.E.2d 766 (W.Va. 1990).

51.     As a direct and proximate result of Defendant Brotherhood's "bad faith" and its breach of its common law duty of good faith and fair dealing, Plaintiffs are entitled to recover from Brotherhood their economic and non-economic damages, including attorneys fees and costs, as permitted under *Hayseeds.*

52.     Furthermore, inasmuch as Brotherhood has now acknowledged the existence of coverage for Plaintiffs, Plaintiffs have "substantially prevailed" in their claim for coverage and are entitled to the damages recognized in *Hayseeds* as a matter of law.

53.     From the initial notification of the subject claims, Brotherhood acted maliciously, predetermined to refuse to provide coverage to Bible Baptist Church and Plaintiff Waldek, and went so far as to pursue litigation against Bible Baptist Church and Plaintiff Waldek based on false allegations and false evidence in an effort to improperly avoid its duties to Bible Baptist Church and Plaintiff Waldek.

54.     Brotherhood's deliberate and malicious intent to injure and harm Bible Baptist Church and Plaintiff Waldek and avoid providing contractual coverage has proximately caused continuing economic and non-economic damages to the Plaintiffs, all of which warrants and commands an award of punitive damages as permitted under *Hayseeds.*

### Count VI - Unfair Trade Practices (Brotherhood)

55.     Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 54 of this Complaint.

56.   Brotherhood had adequate notice of the claims against Bible Baptist Church and Plaintiff Waldek and had adequate time to investigate any insurance coverage or liability issues and was not in any way prejudiced by the timeliness or lack of timeliness of such notification.

57.   At all times relevant herein, Brotherhood misrepresented pertinent and material facts with regard to the information provided by the Church and Plaintiff Waldek at the time coverage was sought by Plaintiffs, and falsely asserted that Plaintiff Waldek had lied to Peters regarding the existence of Blue Creek Academy, in direct violation of *W. Va. Code §33-11-4(9)(a)*.

58.   At all times relevant herein, Brotherhood delayed the acceptance of its duty to provide contractual coverage to Bible Baptist Church and Plaintiff Waldek, and failed to conduct a prompt and reasonable investigation based upon all available information, in direct violation of *W. Va. Code §33-11-4(9)(d)*.

59.   At all times relevant herein, Brotherhood failed to adopt and/or implement reasonable standards for the prompt investigation of the Plaintiffs' claim for coverage, and this constitutes a direct violation of *W. Va. Code § 33-11-4(9)(c)*.

60.   At all times relevant herein, Brotherhood refused to acknowledge and act reasonably promptly upon communications with respect to the subject claims of the Plaintiffs for coverage, in direct violation of *W. Va. Code §33-11-4(9)(b)*.

61.   At all times relevant herein, Brotherhood did not attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claims for coverage,

31048/159

13

…

despite the fact that liability was reasonably clear, in direct violation of *W. Va. Code §33-11-4(9)(f)*.

62.    At all times relevant herein, Brotherhood has compelled the Plaintiffs to engage in litigation in order to obtain the coverage due under the subject policy, in direct violation of *W. Va. Code § 33-11-4(9)(g)*.

63.    The conduct of Brotherhood is part of a general business practice and constitutes unfair claims settlement practices under West Virginia law, and specifically under the provisions of *W. Va. Code § 33-11-4(9)*.

64.    As a direct and proximate result of Brotherhood's violations of *W. Va. Code §33-11-4(9)*, Plaintiffs were forced to incur considerable attorney fees and expenses, including the attorneys fees and expenses associated with instituting the present action, and were caused to suffer the embarrassment, humiliation, annoyance and inconvenience associated with being falsely accused of lying to the Defendants and with being subjected to such litigation, and such other damages as may be proven at trial.

65.    From the initial notification of the subject claims, Brotherhood acted maliciously, predetermined to refuse to provide the coverage to Bible Baptist Church and Plaintiff Waldek and went so far as to pursue litigation against Bible Baptist Church and Plaintiff Waldek based on false allegations and false evidence in an effort to improperly avoid its duties to the Plaintiffs, in violation of *W. Va. Code § 33-11-4(9)*.

66.    At all times relevant herein, Brotherhood acted with the deliberate and malicious intent to injure and harm the Plaintiffs in violation of West Virginia law, all of

which has proximately caused continuing economic and non-economic damages to the Plaintiffs and all of which warrants and commands an award of punitive damages.

67.     Under the legal precedent established in *Jenkins v. JC Penney Cas. Ins. Co.* 280 S.E.2d 252 (W. Va. 1981), and *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1 (W.Va. 1996), this Court has jurisdiction over this private cause of action for the unfair claims settlement practices and bad faith of Brotherhood, and Plaintiffs are entitled to an award of damages for legal fees and costs, net economic loses and punitive damages pursuant to said cause of action.

**Count VII - Malicious Prosecution / Abuse of Process (Brotherhood)**

68.     Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 67 of this Complaint.

69.     Brotherhood's institution of the declaratory action, Civil Action No. 2:16-cv-00341, based on false and fraudulent allegations, was malicious and was undertaken without reasonable or probable cause.

70.     By falsely alleging that Plaintiff Waldek had lied to Peters regarding the existence of Blue Creek Academy, and seeking relief from its contractual duties based on those false allegations, Brotherhood acted with an improper or evil intent, and without just cause, when it instituted and prosecuted Civil Action No. 2:16-cv-00341 in a manner which was substantially certain to cause injury and harm to Bible Baptist Church and Plaintiff Waldek.

71.     When Brotherhood pursued summary judgment against Bible Baptist Church and Plaintiff Waldek based on Peters' false affidavit at a time when Brotherhood knew that

OCT. 4. 2017  8:55AM     CIRCUIT CLERK                    NO. 586   P. 18

the information contained therein was untrue, it acted with an evil intent designed to deceive the Court and the Plaintiffs, and to deprive Plaintiffs of their contractual rights through the improper manipulation of the legal system.

72.     Through its institution of its declaratory Civil Action No. 2:16-cv-00341 based on false and fraudulent allegations, Brotherhood also improperly utilized judicial proceedings and abused civil process for the purpose of avoiding its legitimate contractual obligations to Bible Baptist Church and Plaintiff Waldek.

73.     Inasmuch as Brotherhood has now conceded that its Policy provides coverage for Bible Baptist Church and Plaintiff Waldek for the claims of A.B. and K.R.L., the litigation instituted by Brotherhood has now been terminated or resolved in the Plaintiffs' favor such that Plaintiffs now have a cause of action against Brotherhood for malicious prosecution and/or abuse of process.

74.     As a direct and proximate result of Brotherhood's malicious prosecution of Civil Action No. 2:16-cv-00341 and its abuse of process, Plaintiffs were forced to incur considerable expenses for the defense of Civil Action No. 2:16-cv-00341, and the attorney fees and costs associated with instituting the present action, and to suffer embarrassment, humiliation, annoyance and inconvenience associated with being falsely accused of lying to the Defendants and with being subjected to such litigation, and such other damages as may be proven at trial.

75.     At all times relevant herein, Brotherhood's malicious prosecution of Civil Action No. 2:16-cv-00341 and its abuse of process were undertaken with the deliberate and malicious intent to injure and harm Bible Baptist Church and Plaintiff Waldek in violation of West Virginia law, all of which has proximately caused continuing economic and

16

non-economic damages to the Plaintiffs, which warrants and commands an award of punitive damages.

### Count VIII - Fraud

76.     Plaintiffs hereby restate and re-allege, as if fully set forth herein, each and every allegation contained in Paragraphs 1 through 75 of this Complaint.

77.     Through their actions described herein, Peters, Insurance Consultants and Brotherhood made affirmative representations to Bible Baptist Church and Plaintiff Waldek regarding Bible Baptist Church's application for coverage and expressly represented that coverage for Bible Baptist Church's operation of Blue Creek Academy was being obtained and provided.

78.     Peters, Insurance Consultants and Brotherhood made these affirmative representations to induce Bible Baptist Church and Plaintiff Waldek to purchase the Brotherhood Policy.

79.     The Defendants' affirmative representations did, in fact, induce Bible Baptist Church and Plaintiff Waldek to purchase the policy from Brotherhood through Peters and Insurance Consultants.

80.     The Defendants' affirmative representations were material and false in that Peters either failed to honestly submit accurate information to Brotherhood or later submitted materially false information to Brotherhood, as admitted in his deposition taken in Civil Action No. 2:16-cv-00341.

81.     Brotherhood knew of the existence of Blue Creek Academy directly and through its agents, Peters and Insurance Consultants, but nevertheless accepted a false application submitted by Peters and Insurance Consultants and proceeded to issue a

31048/150

17

policy and accept payment of premiums by Bible Baptist Church when it knew that the information upon which the policy had been issued was false, with the apparent intent to deny coverage for any claims arising from the Plaintiffs' operation of Blue Creek Academy.

82.    Defendants' actions had the effect of inducing Bible Baptist Church and Plaintiff Waldek to continue paying premiums to Brotherhood and to continue working with Peters and Insurance Consultants.

83.    Bible Baptist Church and Plaintiff Waldek relied on the Defendants' misrepresentations was justified under the circumstances in such reliance.

84.    Brotherhood then compounded its fraudulent actions by falsely alleging that Plaintiff Waldek:

> ...deliberately failed to reveal the existence of the Academy and/or its activities, which constitutes willful concealment or misrepresentation of a material fact that relates to this insurance. . .

even though Brotherhood knew that its allegations were completely untrue and also knew that its' agents and representatives had been aware of the existence of Blue Creek Academy even before they directed Peters to contact Plaintiff Waldek to solicit an application for coverage.

85.    Brotherhood compounded its fraudulent actions by preparing and attaching the false Affidavit of Peters as an exhibit to Brotherhood's Motion For Summary Judgment in Civil Action No. 2:16-cv-00341, for the express purpose of having the Court grant Brotherhood relief to which it knew it was not entitled.

86.   As a result of the misrepresentations and fraudulent conduct of the Defendants, the Plaintiffs have been directly, proximately and foreseeably damaged in an amount that exceeds the jurisdictional limits of this Court.

87.   The Defendants' fraudulent conduct and actions were undertaken with the deliberate and malicious intent to injure and harm the Plaintiffs in violation of West Virginia law, all of which has proximately caused continuing economic and non-economic damages to the Plaintiffs, which warrants and commands an award of punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

(1)   Compensatory damages in an amount in excess of the Court's jurisdictional limits, and as proven by the evidence at trial in connection with the attorneys fees and costs, embarrassment, humiliation, annoyance and inconvenience, net economic losses and other damages Plaintiffs sustained as a result of the Defendants' actions;

(2)   Pre-judgment and post-judgment interest, costs and attorney's fees; and

(3)   Punitive damages in an amount to be determined by the Jury.

PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS OF THIS COMPLAINT.

BIBLE BAPTIST CHURCH, and
JAMES WALDECK

By Counsel

Brent K. Kesner (WVSB #2022)
Ernest G. Hentschel, II (WVSB #6066)
Kesner & Kesner, PLLC
P.O. Box 2587
Charleston, WV 25329
(304) 345-5200
(304) 345-5265

31048/159                                    19