```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      AT CHARLESTON

BIBLE BAPTIST CHURCH by
DARRELL BAKER,
HOWARD PREAST, and
MICHAEL V. MINNICK, trustees, and
JAMES WALDECK,

        Plaintiffs,


v.                                Civil Action no. 2:17-cv-04613


BROTHERHOOD MUTUAL INSURANCE COMPANY,
CHURCH INSURANCE CONSULTANTS, INC., and
STEPHEN PETERS,

        Defendants.
```

MEMORANDUM OPINION AND ORDER

Pending is the plaintiffs' motion to remand, filed on January 18, 2018. Inasmuch as Church Insurance Consultants, Inc. ("CIC") is a West Virginia corporation and Stephen Peters is a West Virginia resident, the plaintiffs, who are also from West Virginia, contend that the court does not have diversity jurisdiction under 28 U.S.C. § 1332.

This case was filed in the Circuit Court of Kanawha County, West Virginia, on September 23, 2017. Brotherhood Mutual Insurance Company ("Brotherhood") removed this action to this court on December 22, 2017. Brotherhood objects to remand,

asserting that the two West Virginia defendants were fraudulently joined to defeat diversity and arguing that there is no viable claim against CIC and Peters.  As the Fourth Circuit has explained, "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor."  Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993).  Thus, the court looks to see whether any viable claims have been asserted against the nondiverse defendants.

## I.  Facts

James Waldeck, a plaintiff, serves as pastor of Bible Baptist Church, located in Belva, Nicholas County, West Virginia.  The church operates a boarding school in Clendenin, Kanawha County, known as Blue Creek Academy.  Through the agency of CIC and its employee Peters, the church obtained a liability insurance policy from Brotherhood, first effective June 13, 2011.

In May 2015, a lawsuit was brought in the Circuit Court of Kanawha County against Bible Baptist Church and others alleging that A.B., a student at Blue Creek Academy, was physically and sexually abused at the school.  According to the allegations of the child's guardian, Waldeck negligently and

2

carelessly failed to protect A.B. from such abuse, and the church negligently failed to supervise the staff at Blue Creek. Compl. at ¶ 12. Later, a second suit was filed on behalf of another student, K.R.L., which added a negligent hiring claim to the allegations made on behalf of A.B. Id. at ¶ 13.

In January 2016, Brotherhood filed in this court Civil Action No. 2:16-cv-00341, a declaratory judgment action seeking to establish that its policy did not provide coverage for claims relating to A.B. and K.R.L. Id. at ¶ 15. In its complaint in that action, Brotherhood asserted that plaintiff Waldeck had falsely represented that the church "had no other facility than the church" and that, in particular, it did not operate a school. Id. at ¶ 17.

Peters admitted in his deposition in that declaratory judgment action that Waldeck had never tried to conceal anything about the school from him, and Peters further acknowledged that he had received an email from Brotherhood specifically directing him to meet with Waldeck on March 10, 2011, at Blue Creek Academy.[1] Id. at ¶ 19. Peters also testified that he had visited the school and took photographs and measurements, which he submitted to Brotherhood. Id. at ¶ 20. He obtained information from Waldeck "to complete an application for both

---

[1] This information is based on the allegations in the complaint in this action; the court has not consulted the record in the other action to ascertain these assertions.

the Bible Baptist Church and the school and submitted that information to Brotherhood such that Brotherhood was clearly aware of the existence of Blue Creek Academy from the time of the Bible Baptist Church's initial application." Id. at ¶ 21. Peters admitted that subsequent to the initial application which included a request for coverage for both the church and the school, he submitted a second application seeking coverage only for the church, which application falsely indicated that there was no school affiliated with the Bible Baptist Church. Id. at ¶ 22. Peters also admitted that Waldeck did not request the submission of the second application, which contained false information, and that the church and Waldeck never received any documentation to indicate that the coverage did not include the school. Id. at ¶ 23.

Prior to Peters' deposition, Brotherhood's counsel asked him to sign an affidavit, which Brotherhood then attached with its motion for summary judgment in that case. Id. at ¶¶ 24-25. According to the plaintiffs, the affidavit falsely represented that Waldeck had declined the quote for coverage for the entire property on account of the amount of premium and instead opted for coverage for the church only. Id. at ¶ 24. During his deposition, Peters acknowledged that his affidavit had been composed by Brotherhood's counsel and that he had not reviewed the documents it referenced. Id. at ¶ 26. In his

4

deposition, Peters testified under oath that "I no longer want to stand by my Affidavit any longer."  Id. at ¶ 27.

By memorandum opinion and order entered by Judge Thomas E. Johnston in that case on December 7, 2017, judgment was entered for defendants, declaring Brotherhood's obligation under its insurance policy to cover the occurrences designated in the order, which resulted in $2 million in coverage for the claims of A.B. and K.R.L.  Contrary to its complaint in that case, Brotherhood has acknowledged that its policy does provide liability coverage for the claims asserted against the Bible Baptist Church and plaintiff Waldeck for A.B. and K.R.L.  Id. at ¶ 28.  Fifteen days after the adverse judgment in its declaratory judgment action, Brotherhood removed this action on December 22, 2017.

II.  Claims against the Nondiverse Defendants in this Action

Plaintiffs bring a claim of negligence in procuring coverage against CIC and Peters (Count I), breach of contract against CIC (Count II), breach of fiduciary duty against both (Count III), and fraud against both (Count VIII).  Brotherhood is joined, inter alia, in the fraud count.  Plaintiffs demand compensatory damages, damages "in connection with. . . embarrassment, humiliation, annoyance and inconvenience," net economic losses, punitive damages and attorney's fees.  Id. at ¶ 87.

5

The action must be remanded to state court if any of those grounds for relief against CIC or Peters is viable, in which event CIC and Peters could not be deemed to have been joined fraudulently, thereby destroying diversity.

### III. Analysis

While Brotherhood maintains that pleading both negligence and fraud is inconsistent insofar as they require different mental states, plaintiffs counter that the defendants might have committed the torts at different times in different mental states, Rep. at 5-6, an argument that the court finds persuasive at this stage.

Brotherhood asserts that the claim for negligent failure to procure insurance coverage must fail for lack of damages, inasmuch as Brotherhood has already admitted coverage under its policy. Resp. at 10. Furthermore, focusing only on the negligence claim and ignoring the fraud claim and the prospect of punitive damages and attorneys' fees, Brotherhood argues that the measure of damages in a failure to procure action is the amount that would have been due under the policy if it had been obtained. <u>Id.</u> at 11. Because Brotherhood has accepted coverage, it says there is no difference between the policy limit and the amount of coverage available, and it asserts that no additional damages can be recovered from the agents. <u>Id.</u> at 12. If that were all this action sought, the

principle so expounded may be determinative, although the West Virginia Supreme Court has not had occasion to consider it. But much more is at stake, exemplified by the fraud claim.

Brotherhood also argues that it has agreed to compensate plaintiffs for all reasonable attorneys' fees in Civil Action No. 2:16-cv-00341, and that allowing recovery for those fees in this action when they are recoverable in the other action would be an improper double recovery. Resp. at 15. Brotherhood attached the reservation of rights letter to Bible Baptist Church, which specifies defense of the claims, as Exhibit B to its response to the motion to remand.

Plaintiffs reply that the suggestion that they have no damages "in connection with the conduct of Defendants Peters and Consultants is simply preposterous." Rep. at 6. They reference months of litigation in the declaratory judgment action, as well as embarrassment and inconvenience resulting from being publicly called liars in connection with the application process for liability insurance. Id.

The court finds that plaintiffs are alleging damages in this action that go well beyond merely recovering the value of the insurance policy. The argument respecting a possible double recovery of attorney fees as between this action and the declaratory judgment litigation is without merit inasmuch as it is unrealistic that the attorney fees allowed in the declaratory

7

judgment action would purport to cover the attorney fees in this case.  Moreover, Brotherhood itself represents in the notice of removal that the amount in controversy exceeds the jurisdictional threshold.  Notice of Removal at 6-11.  The appropriateness of particular amounts and types of damages can be adjudicated at a later date.

As an initial matter, the court observes that in West Virginia, an action does lie against an insurance agent for negligence in circumstances similar to those in this case.  In Jarvis v. Modern Woodmen of America, the state supreme court reviewed a verdict for a plaintiff who was the beneficiary of a life insurance policy issued on her late husband.  Judgment on the verdict was entered against both the insurance company, Modern Woodmen, and its agent Charles L. Webb.  406 S.E.2d 736, 738 (W. Va. 1991).  The supreme court treated the existence of the cause of action against the agent Webb as a matter of course, stating:

> In Syllabus Point 2, Harless v. First Nat'l. Bank in Fairmont, 169 W. Va. 673, 289 S.E.2d 692 (1982), we stated:
>
> "An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship.  Of course, if he is acting within the scope of his employment, then his principal or employer may also be held liable." Syllabus Point 3, Musgrove v. Hickory Inn, Inc., 168 W. Va. 65, 281 S.E.2d 499 (1981).

Id. at 743. In Modern Woodmen, the plaintiff asserted that the agent Webb had made several material misrepresentations on the insurance application, including a statement that her husband, the insured, was a non-smoker even though he was smoking during the meeting with Webb. Id. at 738-39. Inasmuch as Webb's actions constituted gross, reckless or wanton negligence, the supreme court approved the trial court's submission to the jury of the question of the source of the misrepresentations on the application and upheld the award of $500,000 in punitive damages alongside $100,000 in economic losses and $25,000 in non-economic losses against both defendants.[2] Id. at 741, 744.

Earlier the state supreme court reached a similar conclusion in Musgrove v. Hickory Inn, Inc., where it stated:

> We said in Fleming v. Nay, 120 W. Va. 625, 630, 200 S.E. 577, 579 (1938), that the doctrine of respondeat superior does not relieve the servant of his tort liability. This principle rests on the fact that an agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship. This same rule is generally accepted elsewhere.

281 S.E.2d 499, 501 (W. Va. 1981).

The complaint features factual allegations that support the claim of fraud asserted against CIC and Peters.

---

[2] Inasmuch as liability against the agent is not contractual, Modern Woodmen is not in conflict with the proposition in Shrewsbery v. National Grange Mutual Insurance Co., 395 S.E.2d 745, 748 (W. Va. 1990) that an insurance agent "is not party to a contract with the insured."

Specifically, these defendants are said to have falsely represented to Bible Baptist Church and Waldeck that the Brotherhood insurance policy being obtained would cover Blue Creek Academy, inducing detrimental reliance on such misrepresentations. Compl. at ¶¶ 77-80. The court finds it noteworthy that Peters testified in the declaratory judgment proceeding (that is, with Brotherhood's knowledge before removal of this case) that, in the scope of his employment with CIC, he visited Blue Creek Academy and took measurements and photographs. Id. at ¶ 20. Indeed, Brotherhood was aware of the existence of the school from the time that Waldeck submitted the initial application. Id. at ¶ 21. Peters also admitted that he prepared the second application, which did not include the school, on his own and not at Waldeck's request. Waldeck and the church never received any documentation pertaining to the submission of that second application, which in effect procured a policy that excluded the school. Id. at ¶ 23.

To be sure, some of these actions, viewed separately, can be characterized as negligent, but it can nonetheless hardly be said that a reasonable finder of fact might not see them, taken together, as supporting a fraud claim against Peters and his principal, CIC, as well as Brotherhood. In addition, years later, after the allegations of abuse against the two Blue Creek Academy students surfaced and Brotherhood brought a declaratory judgment proceeding to deny coverage to the church for them,

Peters allegedly signed an affidavit, whose purpose appears to have been to support denial of coverage to the plaintiffs under the policy and which he later disavowed under questioning in the declaratory judgment action.  Id. at ¶ 85.  Considering the totality of the allegations in the complaint and the supporting evidence above cited, the court concludes that the fraud claim is adequately pled, with evidentiary support, as to Peters and CIC, together with attendant damages that are in no sense limited to the value of the insurance policy.

As earlier noted, "[t]he party alleging fraudulent joinder bears a heavy burden — it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." Hartley v. CSX Transp., Inc., 187 F.3d 422, 423 (4th Cir. 1999).  For the foregoing reasons, Brotherhood has not met this heavy burden.  Inasmuch as the court is unable to conclude that CIC and Peters were fraudulently joined, it does not have subject matter jurisdiction, and the case must be remanded to the Circuit Court of Kanawha County.  See also, e.g., Lawson v. Am. Gen. Assur. Co., 455 F. Supp. 2d 526, 530, 531 (S.D.W. Va. 2006) (finding that the agent was not fraudulently joined and ordering remand when plaintiffs asserted an independent action for reasonable expectation of insurance).

## IV. Costs and Attorney's Fees

Plaintiffs also request an award of attorney's fees and expenses incurred in connection with the removal. They assert that Brotherhood "simply ignored" independent causes of action asserted against the agents. Pffs. Memo. at 15. Aside from attorney fees incurred as a result of Brotherhood's removal, the plaintiffs note that their discovery in this case has been delayed by the removal, which delay has been augmented by the court's stay of this action upon the request of Brotherhood and Peters and CIC. Brotherhood counters, referring only to causes in which recovery is limited to the coverage fixed by the policy, that because this is a case of first impression in West Virginia on that issue, imposition of costs and fees is not warranted.

As plaintiffs point out, id. at 14-15, the Supreme Court has enunciated a standard for awarding attorney's fees in the context of removal and remand under 28 U.S.C. § 1447(c). It stated that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

The court agrees with plaintiffs that defendants lacked an objectively reasonable basis to remove this case. In addition to the negligence claim, there are credible

allegations, accompanied by evidentiary support, of fraud against the nondiverse defendants, with their own potential damages, which are not subject to a policy limit defense. Brotherhood, after its adverse experience in its declaratory judgment action, ought to have been aware of the viable fraud claims of Bible Baptist Church and James Waldeck against Stephen Peters and Church Insurance Consultants, Inc. at the time of removal. Accordingly, the plaintiffs' request for attorney's fees and costs is granted.

## V. Conclusion

For the foregoing reasons, it is ORDERED that the case be remanded to the Circuit Court of Kanawha County, West Virginia. The court withholds entry of final judgment to that effect pending submission of a petition for attorney's fees and costs which is to be filed on or before August 20, 2018.

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record and any unrepresented parties.

ENTER: August 1, 2018

John T. Copenhaver, Jr.
United States District Judge